UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JASON KEIGLEY, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) 2:13-cv-305-JMS-MJD |
| | ) |
| SUPERINTENDENT Wabash Valley | ) |
| Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**Entry and Order Dismissing Action**

**I.**

**A.**

A state prisoner seeking a writ of habeas corpus bears the burden of demonstrating that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). A viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'")(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

When the challenged custody results from a prison disciplinary proceeding, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the

opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

**B.**

In the present case, Keigley seeks a writ of habeas corpus pertaining to a disciplinary proceeding identified as No. WVS-13-06-00201, wherein he was found guilty of threatening. The factual basis of the discipline is that during the evening of June 10, 2013, Keigley was performing his duties as a kitchen worker and stated to another inmate that he was about to "stab a m—f— in the neck." This was stated in front of an Aramark worker Brandon Little, who then wrote a conduct report describing the setting and the statement.

Keigley claims that: 1) he was denied his right to call witnesses; 2) the hearing officer in his case "falsely accused" him, demonstrating that she was not impartial; 3) he was denied his right to request physical evidence; and 4) a non-employee of the prison wrote the conduct report.

Each of these is a procedural claim, not implicating to the sufficiency of the evidence. His claims, however, are refuted by the expanded record. When Keigley was notified of the charge, he waived his right to request witnesses and to request physical evidence. The hearing officer was the adjudicator, not the charging authority. The fact that the conduct report was written by Mr. Little rather than a prison employee is constitutionally insignificant.

**C.**

The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Keigley to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 02/13/2014

*[Signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

JASON KEIGLEY
174015
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only